# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Ryan James McConnell, | Case No. 4:24cv2197 |
| Petitioner, | |
| -vs- | JUDGE PAMELA A. BARKER |
| Warden Steven Merlak, | MEMORANDUM OPINION AND ORDER |
| Respondent. | |

*Pro se* petitioner Ryan James McConnell filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Petitioner is challenging the conditions of his confinement. Specifically, Petitioner claims that he is being denied access to email, in violation of his constitutional rights. (*See* Doc. No. 1).

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). The Court, however, may dismiss the Petition at any time, or make any

such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

Habeas corpus is generally available to prisoners seeking relief from unlawful imprisonment or custody. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Federal prisoners may use 28 U.S.C. § 2241 to attack the manner in which their sentence is being executed, such as the computation of sentence credits or parole eligibility. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). Section 2241, however, is not available to review questions unrelated to the cause of detention. *Martin*, 391 F.3d at 714. Prisoners challenging the conditions of their confinement must do so through a civil rights action. *Preiser v. Rodriguez*, 411 U.S. 475, 487-88, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). Virtually every aspect of a prisoner's daily life that does not affect the duration of his confinement is considered a "condition of confinement."

Here, Petitioner's claims concern the conditions of his confinement—restricted email access while incarcerated. Because he is not challenging the execution of his sentence or the fact of his confinement, he is not entitled to relief under Section 2241, and his Petition must be dismissed. See *King v. Merlak*, Case No. 4:16-cv-01539, 2017 U.S. Dist. LEXIS 212047, *4 (N.D. Ohio Dec. 27, 2017) (dismissing Section 2241 petition challenging the Bureau of Prison's treatment of Petitioner, including restriction of prisoner's email access).

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied, and this action is dismissed pursuant to 28 U.S.C. § 2243. Further, the Court certifies,

pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    **IT IS SO ORDERED.**

                                 *s/Pamela A. Barker*
                                  PAMELA A. BARKER
Date:  2/25/2025                   U. S. DISTRICT JUDGE